UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WHEELER JOHNSON,                     :
                                     :
     Petitioner,                     :
                                     :              PRISONER
v.                                   :    Case No. 3:12cv365 (RNC)
                                     :
UNITED STATES OF AMERICA,            :
                                     :
     Respondent.                     :

RULING AND ORDER

    Petitioner Wheeler Johnson, a federal inmate, brings this
action under 28 U.S.C. § 2255 seeking to vacate his drug
conspiracy conviction.  Mr. Johnson claims that his conviction
was imposed in violation of his Sixth Amendment right to
effective assistance of counsel.  The government urges that the
petition should be dismissed without a hearing because
petitioner's claims have either been waived or are without merit.
I agree and therefore deny the petition.

I.  Background

    After several days of a jury trial, Mr. Johnson pleaded
guilty to one count of conspiracy to distribute five kilograms or
more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(a), and
841(b)(1)(A).  During the plea colloquy, Mr. Johnson admitted
that he joined a conspiracy in the New London area to distribute
five kilograms of cocaine between 2007 and 2009.  The
government's case against Mr. Johnson included: intercepted calls
and text messages regarding drug transactions; 1.2 kilograms of

cocaine found by agents in a hidden compartment in one of Mr. Johnson's vehicles seized pursuant to a warrant; testimony by a cooperating witness regarding arrangements Mr. Johnson made to procure several kilograms of cocaine from a source in New York; and evidence connecting Mr. Johnson to three kilograms of cocaine found in a co-conspirator's car.

Mr. Johnson's plea agreement included a provision waiving appeal and collateral attack if the sentence imposed did not exceed 168 months' imprisonment.  The Court reviewed this waiver and other important provisions of the plea agreement with Mr. Johnson during the change of plea hearing.  Prior to sentencing, Attorney Conrad O. Seifert withdrew from representing Mr. Johnson, and Attorney Michael R. Hasse was appointed as substitute counsel.  Mr. Johnson was sentenced to the mandatory minimum of 120 months' imprisonment.

After Mr. Johnson filed his § 2255 petition pro se, he moved for and was granted appointed counsel in this habeas case.  At Mr. Johnson's request, the Court appointed substitute counsel, Attorney John T. Walkley, who continues to represent Mr. Johnson.

II.  <u>Discussion</u>

Mr. Johnson asserts that he is entitled to relief under 28 U.S.C. § 2255 because he received ineffective assistance of counsel.  The petition lists a number of different claims of ineffective assistance that can be grouped into three categories:

Attorney Seifert's conduct before the trial and plea; Attorney
Seifert's advice regarding the plea agreement; and Attorney
Hasse's conduct regarding a possible appeal.  Because these
claims are either waived or without merit, an evidentiary hearing
is not required, and the petition is denied.

    A.  <u>Guilty Plea and Waiver</u>

    The government argues that many of Mr. Johnson's claims are
precluded by his guilty plea and the collateral attack waiver in
his plea agreement.  I agree that the arguments regarding
Attorney Seifert's conduct before the trial have been waived and
therefore do not consider these claims on the merits.

    A defendant who is represented by counsel and enters an
unconditional guilty plea cannot later assert claims based on
events that occurred prior to entering that plea.  <u>Parisi v.
United States</u>, 529 F.3d 134, 138 (2d Cir. 2008).  A plea
agreement that includes a valid waiver of appeal rights similarly
precludes the defendant from challenging pre-plea events.  <u>Id.</u>

    Because guilty pleas and appeal waivers must be valid to
have this preclusive effect, they do not bar a petitioner from
challenging his or her plea as not knowing or voluntary.  <u>See
United States v. Cabrera</u>, 563 F. App'x 861, 862 (2d Cir. 2014)
(explaining that claims related to "the plea agreement process"
can be asserted despite plea waiver).  Thus, a claim of
ineffective assistance of counsel can survive a guilty plea or

appeal waiver only if the petitioner asserts that counsel's ineffectiveness rendered the plea invalid.  Parisi, 529 F.2d at 138-39; Sharpley v. United States, 355 F. App'x 488, 490 (2d Cir. 2009) ("[T]hough the underlying plea agreement's waiver of appeal and collateral attack would ordinarily preclude review, a defendant who has not received reasonably effective assistance from counsel in deciding to plead guilty cannot be bound by that plea.").

In his petition, Mr. Johnson contends that Attorney Seifert was ineffective because he did not challenge the seizure warrant or the inventory search that led agents to discover cocaine in one of Mr. Johnson's vehicles.  Mr. Johnson argues that these Fourth Amendment issues are tied to the validity of the guilty plea because the evidence recovered from that search "weighed heavily in [petitioner]'s consequent decision to plead guilty." Pet. at 10.  However, Mr. Johnson entered an unconditional guilty plea that included an appeal waiver, and that plea was valid. Change of Plea Tr., 3:09-cr-247(RNC), ECF No. 528, at 29-30 (accepting guilty plea after finding that it was "knowing and voluntary" and "supported by an adequate factual basis").  Mr. Johnson is therefore precluded from raising these claims in a § 2255 proceeding because they concern pre-plea events, not the advice he received regarding the plea agreement or the process by which he decided to accept that agreement.  See Rodriguez v.

4

<u>United States</u>, No. 3:11-CV-1936 (EBB), 2014 WL 4182492, at *3 (D. Conn. Aug. 21, 2014); <u>Costin v. United States</u>, 588 F. Supp. 2d 280, 284 (D. Conn. 2008).  Because Mr. Johnson is precluded from raising these Fourth Amendment challenges, it is unnecessary to consider them on the merits.

    B.  <u>Remaining Claims</u>

    The remaining claims in the petition – based on Attorney's Seifert's advice regarding the plea agreement and Attorney Hasse's conduct regarding a possible appeal - survive the guilty plea and waiver and therefore will be considered on the merits. Because the record is clear that these claims cannot succeed, the petition is denied without a hearing.

    To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.  <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); <u>Bennett v. United States</u>, 663 F.3d 71, 84-85 (2d Cir. 2011).  This is a "highly demanding" and "rigorous" standard.  <u>Bennett</u>, 663 F.3d at 85.  When evaluating claims of ineffective assistance, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>United States v. Cohen</u>, 427 F.3d 164, 167 (2d Cir. 2005) (quoting <u>Strickland</u>, 466  U.S. at

689).

Whether to hold a hearing on an ineffective assistance of counsel claim is within the court's discretion.  <u>Raysor v. United States</u>, 647 F.3d 491, 494 (2d Cir. 2011).  While a court may not summarily dismiss petitions if factual issues are in dispute, it may take a "middle road" of deciding facts on the basis of written submissions, rather than holding an evidentiary hearing. <u>Id.</u>  When a petitioner fails to state a "plausible" claim for relief under § 2255, a hearing is not necessary.  <u>Puglisi v. United States</u>, 586 F.3d 209, 218 (2d Cir. 2009).

The claims in the petition that relate to Attorney Seifert's advice regarding the plea agreement fail to state a plausible claim of ineffective assistance of counsel under <u>Strickland</u> and therefore can be dismissed without a hearing.  In his petition, Mr. Johnson asserts that Attorney Seifert's advice to accept the plea agreement mid-trial was ineffective because the evidence against Mr. Johnson was insufficient to support a guilty verdict, the terms of the plea were inconsistent with the evidence in the record, and Attorney Seifert did not explain that the plea included a mandatory minimum based on the drug quantity.  These claims are without merit because they do not show that Attorney Seifert acted outside "the wide range of reasonable professional assistance."  <u>Cohen</u>, 427 F.3d at 167.

At the change of plea hearing, Attorney Seifert explained

6

that the plea agreement was in Mr. Johnson's best interest for several reasons. Change of Plea Tr., at 15-16. By pleading guilty, Mr. Johnson was eligible for a two-point reduction in his guidelines calculation for acceptance of responsibility, and he might have been able to argue for a further reduction based on a logjam departure. Id. In addition, the plea agreement attributed a specific drug quantity to Mr. Johnson, which protected him from possible exposure to a higher quantity at sentencing – a very real possibility in a large, multi-defendant drug conspiracy. Id. Viewed in light of the record in both this proceeding and in the underlying criminal case, Attorney Seifert's advice did not fall below an objective standard of reasonableness. See Costin, 588 F. Supp. 2d at 285-86 (holding that ineffective assistance claim based on lawyer's advice to accept plea agreement failed in part because evidence against the petitioner was "overwhelming" and plea agreement was "favorable").

As to the mandatory minimum, the plea colloquy makes clear that Mr. Johnson was aware of the sentencing consequences of his plea. The Court explained that the charge in the plea agreement "carries a mandatory minimum penalty of imprisonment for not less than ten years." Change of Plea Tr., at 18. The Court went on to ask whether Mr. Johnson understood that pleading guilty meant "the Court will have no authority to impose a lesser sentence

7

under Count One than ten years," and Mr. Johnson responded,
"Yes."  Id.  Mr. Johnson's claims of ineffective assistance based
on Attorney Seifert's advice to accept the plea agreement
therefore fail to state a plausible claim for relief and are
denied.

The final claim in Mr. Johnson's petition - that Attorney
Hasse was ineffective because he did not file a notice of appeal
as requested by Mr. Johnson - also fails to state a plausible
claim of ineffective assistance and can similarly be dismissed
without a hearing.  Mr. Johnson asserts in his affidavit that he
requested Attorney Hasse to file a notice of appeal.  Pl's Aff.,
ECF No. 1-2, ¶ 1.  In addition, Mr. Johnson has submitted an
affidavit from Rose Santos, who states that she participated in a
conference call with Mr. Johnson and Attorney Hasse on June 9 or
10, 2011, in which Mr. Johnson instructed his lawyer to file a
notice of appeal.  Santos Aff., ECF No. 16-1, ¶ 4.  However, the
government has submitted an affidavit by Attorney Hasse, who
states that Mr. Johnson was informed at the time of his
sentencing of his right to appeal, and that he "affirmatively
communicated" to Attorney Hasse that he did not want to appeal.
Hasse Aff., ECF No. 6, ¶ 3—4.  In addition, the government has
submitted a letter written to Attorney Hasse from Mr. Johnson on
June 27, 2011, in which Mr. Johnson states, "I do not wish for
you to file a [sic] appeal on my behalf.  I know I have no appeal

rights." Letter, ECF No. 41-1. The government asserts, and Mr. Johnson does not contest, that there is no dispute that the letter was sent by Mr. Johnson to Attorney Hasse.

The unequivocal statement in Mr. Johnson's letter that he did not want to pursue an appeal undermines this ineffective assistance of counsel claim. The letter post-dates the conversation Ms. Santos discusses in her affidavit and thus resolves the issue of whether Mr. Johnson instructed Attorney Hasse to file an appeal. Mr. Johnson cannot state a plausible claim for relief because the record shows that he explicitly instructed his attorney not to file a notice of appeal. See Billie v. United States, No. 3:10CV1122 (JBA), 2013 WL 2946066, at *8 (D. Conn. June 14, 2013) (holding that evidentiary hearing was not required in § 2255 proceeding because it was "plain from the record that [the] petition lacks any meritorious claim"). Thus, a hearing is not necessary, and the claim is denied.

III. Certificate of Appealability

In a proceeding under § 2255, a certificate of appealability may issue "only if the applicant has made a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a certificate of appealability will not issue unless reasonable jurists could debate whether the petition should have been resolved in a different manner, or the issues are adequate to deserve encouragement to proceed further. Slack

v. McDaniel, 529 U.S. 473, 484 (2000).  Petitioner has not made this showing, so a certificate of appealability will not issue.

IV.  Conclusion

Accordingly, the petition [ECF No. 1] is hereby denied.  The Clerk may enter judgment and close the case.

So ordered this 31st day of March 2016.


_____
/s/ RNC
Robert N. Chatigny
United States District Judge

10